Mildred **WILLIAMS** as Special Administratrix for the Estate of Charles Curtis Williams and Joann Williams, Deceased; and Mildred Williams as Guardian of the Person and of the Estate of Buddy Wayne Williams and Christina Michelle Williams, Minors, Plaintiffs,

v.

**BURLINGTON NORTHERN RAILROAD CO., Defendant.**

No. J–C–92–284.

United States District Court, E.D. Arkansas, Jonesboro Division.

April 14, 1994.

683

John H. Bradley, Bill E. Ross, Blytheville, AR, for plaintiff.

John C. Deacon, Barrett & Deacon, Jonesboro, AR, for defendant.

### ORDER

HENRY WOODS, District Judge.

The defendant has filed motions for partial summary judgment on the claims of excessive speed and inadequate warnings at the railroad crossing where the plaintiffs' decedents were killed. For grounds, the defendant contends that the state common law has been preempted by the Federal Railroad Safety Act (FRSA).

■ The standard for granting summary judgment is well established. Summary judgment is proper if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party opposing a motion for summary judgment may not rest upon the bare allegations in the complaint, but must set forth specific facts demonstrating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under the applicable law, its resolution might affect the outcome of the case. A dispute is genuine only if a reasonable finder of fact could return a verdict for the nonmoving party. *Id.*

■ In the case at bar, the defendants contend that it is undisputed that the train involved in the collision was traveling at a rate of less than sixty miles per hour and

that the track on which the train was traveling was a class four track. The Supreme Court of the United States recently ruled in a case involving the same claim of excessive speed as is made in the case at bar:

Federal regulations issued by the Secretary pursuant to FRSA and codified at 49 CFR § 213.9(a) (1992) set maximum allowable operating speeds for all freight and passenger trains for each class of track on which they travel. The different classes of track are in turn defined by, inter alia, their gage, alignment, curvature, surface uniformity, and by the number of crossties per length of track. [citation omitted] The track [where the collision occurred] is class four, for which the maximum speed is 60 miles per hour.

*CSX Transportation, Inc. v. Easterwood,* —— U.S. ——, ——, 113 S.Ct. 1732, 1742, 123 L.Ed.2d 387 (1993). In *Easterwood,* the Court held that under the Federal Railroad Safety Act, federal regulations adopted by the Secretary of Transportation preempted the plaintiff's common law claim of negligence insofar as it related to claims of excessive train speed.

The plaintiff's claim in the case currently before this Court cannot be distinguished from that of the plaintiffs in *Easterwood* on the claim of excessive speed. Thus, the defendant is entitled to partial summary judgment on that claim.

■ The defendants have also moved for summary judgment on the plaintiffs' common law claim of inadequate warnings at the crossing where the collision occurred. The defendants urge the Court to hold that, because federal funds were used to reflectorize the crossbucks at the grade crossing, and because the plan to place reflectorized crossbucks at class I railroad crossings was approved by the Federal Highway Administration, the railroad was relieved of any liability on the basis of inadequate warnings.

The *Easterwood* case does not extend this far. To the contrary, the Court held: "In short, for projects in which federal funds participate in the installation of warning devices, the Secretary has determined the devices to be installed *and the means by which*

*railroads are to participate in their selection. Id.,* 113 S.Ct. at 1741 (emphasis supplied). The Court further explained that the federal regulation applicable to warning devices "envisions railroad involvement in the selection of warning devices through their *participation in diagnostic teams* which may recommend the use or nonuse of crossing gates." *Id.* (Emphasis supplied).

The *Easterwood* Court noted:

Likewise, [23 CFR] § 646.214(b)(4), which covers federally funded installations at crossings that do not feature multiple tracks, heavy traffic, or the like, explicitly notes that railroad participation in the initial determination of "the type of warning device to be installed" *at a particular crossing* is subject to the Secretary's approval.

*Id.,* 113 S.Ct. at 1741 (emphasis supplied). The defendant's motion for partial summary judgment in this case does not indicate that a diagnostic team evaluated the "particular crossing" at issue in this case. Perhaps that evaluation occurred, but it is not apparent from any of the data supplied by the defendant in support of its motion. The affidavit of Mike Selig, head of the Traffic Safety Section of the Arkansas State Highway and Transportation Department, indicates only that a general plan to upgrade all class I railroad crossings in the state was implemented. There is nothing in his affidavit to indicate that a diagnostic team visited the crossing at issue in this case to determine that its safety required only two reflectorized crossbucks. Thus a material fact remains at issue in this case, making disposition by summary judgment inappropriate.

Accordingly, the defendant's motion for partial summary judgment (Docs. # 8 and # 10) is granted in part and denied in part, this 14th day of April, 1994.